IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY PARKER | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| v. | ) | FILE No. _____ |
| | ) | |
| 24 HOUR TIRESHOP LLC | ) | |
| and MATTHIAS O. AGURD | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

NOW COMES Timothy Parker ("Plaintiff") and hereby submits this Complaint against Defendants 24 HOUR TIRESHOP LLC ("TireShop") and Matthias O. Agurd ("Agurd") on the following grounds:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et. seq.) ("FLSA") to recover (1) unpaid minimum wage and overtime pay; (2) an additional like amount as liquidated damages; and (3) the costs of litigation, including reasonable attorneys' fees.

2.

Plaintiff also asserts pendent state law claims which arise out of the same operating facts as his federal claims, including (1) breach of contract; (2) promissory estoppel; (3) quantum meruit; and (4) attorneys' fees and costs under O.C.G.A. §13-6-11.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to Article III, § 2 of the United States Constitution, 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b) because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue is proper in the Northern District of Georgia, Atlanta Division because the cause of action arose in this judicial circuit, Plaintiff was employed by Defendant in this judicial circuit and the Defendant operates its

business and maintains its principal place of business within this judicial circuit and division.

## PARTIES

6.

Plaintiff Timothy Parker is a Georgia resident residing in Morrow, Georgia and a former employee of Defendant employed in Atlanta, Georgia within the last three years as a tire technician.

7.

At all relevant times, Plaintiff was an "employee" of Defendant TireShop as defined in the FLSA § 3(e)(l), 29 U.S.C. § 203(e)(l).

8.

At all relevant times, Plaintiff was "engaged in commerce" as an employee of TireShop as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

9.

At all relevant times, Plaintiff was engaged in the "production of goods for commerce" as an employee of TireShop as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

10.

Defendant, TireShop, is a Georgia Corporation, licensed to conduct business in Georgia. Defendant maintains and operates its business in various locations throughout Georgia. Defendant maintains its principal place of business at 6941 Highway 85, Riverdale, GA 30274.

11.

Defendant is a business which is engaged in commerce and/or in the production of goods for commerce and is, therefore, subject to the compensation provisions of Section 207 of the Act.

12.

At all times material hereto, Defendant TireShop was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

At all relevant times, Defendant TireShop was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

14.

At all relevant times, Defendant TireShop, had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(l)(A).

15.

At all relevant times, Defendant TireShop had two or more "employees" engaged in the "production of goods for commerce" as defined by 29 U.S.C. § 203(s)(l)(A).

16.

At all relevant times, Defendant TireShop had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

At all relevant times, Defendant TireShop had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(l)(A).

18.

At all relevant times, Defendant TireShop was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 0 FLSA § 3(s)(l), 29 U.S.C. § 203(s)(l).

19.

Defendant TireShop may be served with process on its registered agent, Matthias O. Agurd, 6941 Highway 85, Riverdale, GA 30274.

20.

Defendant Agurd resides within this judicial circuit.

21.

At all times material hereto, Agurd exercised operational control over the work activities of Plaintiff.

22.

At all times material hereto, Agurd was involved in the day to day operation of TireShop in which Plaintiff worked.

23.

At all times material hereto, TireShop vested Agurd with supervisory authority over Plaintiff.

24.

At all times material hereto, Agurd exercised supervisory authority over Plaintiff.

25.

At all times material hereto Agurd scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

26.

At all times material hereto, Agurd exercised authority and supervision over Plaintiff's compensation.

27.

At all times material hereto, Agurd has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

28.

Agurd is subject to the personal jurisdiction of this Court.

29.

Agurd may be served with process at his principal place of business located at 6941 Highway 85, Riverdale, GA 30274.

## FACTUAL ALLEGATIONS

30.

Defendant is an auto repair shop with multiple locations specializing in tire repair.

31.

Defendant offers its products and services to its patrons at various locations throughout Georgia twenty four hours a day, seven days a week.

32.

Defendant employs tire technicians, like Plaintiff, to provide labor and product to customers.

33.

Defendant improperly paid Plaintiff as an independent contractor from approximately June 2013 until March 2014.

34.

On at least 15 occasions, Defendants failed to pay Plaintiff at all for hours worked.

35.

At all times, Plaintiff regularly worked in excess of 40, 50 and even 60 hours per week while employed by Defendant.

36.

Regardless of the number of hours worked, Defendant paid Plaintiff a flat amount between 200.00 and 400.00 per week.

37.

Defendant paid Plaintiff below minimum wage for each and every hour Plaintiff worked.

38.

Defendant also failed to pay Plaintiff overtime compensation for any work in excess of forty hours per week at a rate of at least one and on half times his regular rate of pay.

39.

Plaintiff did not exercise any primary management functions of Defendant within the parameters of his employment.

40.

Plaintiff did not have any supervision authority nor did any employees report to Plaintiff.

41.

Plaintiff had no authority to hire or terminate employees.

42.

Plaintiff did not perform any work which required the exercise of discretion and/or independent judgment within the parameters of his job.

43.

Plaintiff did not require any advance degree or advanced training to perform the responsibilities of his job.

44.

Plaintiff did not derive any amount of income from commission.

45.

Plaintiff did not sell the services or product of Defendant.

46.

Plaintiff did not qualify for any exemptions from the minimum wage or overtime pay requirements of Section 207 the Act.

47.

Defendant's failure to pay minimum wage and its failure to pay overtime compensation violated the minimum wage and overtime provisions of the Act.

48.

Defendant is, and has been aware, that its failure to pay minimum wage and its failure to pay overtime compensation, violated the provisions of Section 207 of the Act.

49.

Alternatively, Defendant's failure to pay minimum wage and its failure to pay overtime compensation, exhibited a reckless disregard for their violation of the Act.

50.

Plaintiff has been injured by Defendant's conscious and willful refusal to compensate him at a rate equal to or in excess of the minimum wage and

its willful refusal to pay him for hours worked in excess of forty hours per week at a rate not less than one and one half times their regular rate of pay.

51.

Around December 2013, Plaintiff and other employees of Defendant TireShop complained to the US Department of Labor ("DOL") that they felt they were not being properly compensated.

52.

Following those complaints, the DOL initiated an investigation regarding Defendants' pay practices.

53.

The DOL determined that Defendants were improperly classifying its tire technicians, like Plaintiff, and improperly paying them.

54.

Following the time these complaints were made and the DOL made its adverse findings, Defendants consistently began refusing or failing to issue paychecks to Plaintiff despite his continued work.

# COUNT ONE: FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 203, 206, 207, 216

55.

Paragraphs 1 through 54 are incorporated herein by this specific reference.

56.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay constitutes a willful and reckless violation of Sections 203, 206, 207 and 216(b) of the Act entitling Plaintiff all relief afforded by the statute.

57.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay constitutes a willful violation of the Act entitling Plaintiff to liquidated damages in an amount equal to the compensation owed to Plaintiff.

58.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay constitutes a willful violation of the Act entitling Plaintiff to extend the statute of limitations for an action under the Act to three years.

59.

Defendants' failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay in violation of the Act entitles Plaintiff to reasonable attorney's fees for pursuit of this action.

**COUNT TWO: BREACH OF CONTRACT, PROMISSORY ESTOPPEL AND QUANTUM MERUIT**

60.

The allegations contained in Paragraphs 1-59 above are incorporated by reference as if fully set out in this Paragraph.

61.

Plaintiff and Defendants were parties to an agreement or contract of employment (hereafter "the Contract") from about June 2013 until the end of March 2014.

62.

The agreement or Contract provided that Defendants would pay Plaintiff for work performed.

63.

Defendant not only failed to pay Plaintiff minimum wage and overtime pay, but also refused to issue paychecks at all for certain pay periods.

64.

Defendants' failure to pay Plaintiff for work performed constitutes a material breach of the Contract.

65.

As the direct and foreseeable result of this breach, Plaintiff sustained damages in an amount to be proved at trial.

66.

Plaintiff's service as a technician for Defendants conferred a benefit on Defendants.

67.

Defendants failed to pay Plaintiff in accordance with their promise.

68.

Plaintiff relied on Defendants' promise.

69.

Plaintiff's reliance on Defendant's promise was reasonable.

70.

Injustice can only be avoided by enforcement of Defendant's promise and awarding Plaintiff compensation for the work he performed.

**COUNT FOUR:  COST OF LITIGATION AND ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11**

71.

The allegations contained in Paragraphs 1-70 above are incorporated by reference as if fully set out in this Paragraph.

72.

All of Defendants' actions were willful, deliberate, in bad faith and made for the purposes of harassing Plaintiff, delaying Plaintiff from recovering what was due and owed and causing Plaintiff expense.

73.

As a result of Defendants' intentional and willful conduct, Plaintiff is entitled to recover his costs of litigation and attorneys' fees incurred in pursuit of his remedies.

**WHEREFORE,** Plaintiffs prays that this Court:

(a) Take jurisdiction in this matter;

(b) Temporarily, preliminarily and permanently enjoins Defendants from future acts in violation of the Act;

(c) Award such affirmative relief as is required, including minimum wage and overtime compensation in an amount to be proved by Plaintiffs; liquidated damages in an equal amount, front pay, prejudgment interest on the amount due, costs and reasonable attorneys' fees;

(d) Grant a trial by jury; and

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

This 30th day of April, 2014.

**Fried & Bonder, LLC**

/s/ David S. Fried
David S. Fried
Georgia Bar No. 277319
dfried@friedbonder.com
Joseph A. White
Georgia Bar No. 754315
jwhite@friedbonder.com

Attorneys for Plaintiff

White Provision, Suite 305
1170 Howell Mill Rd., NW
Atlanta, Georgia 30318
www.friedbonder.com
Phone: (404) 995-8808
Facsimile: (404) 995-8899